UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BRANDON WEHMEYER                    CIVIL ACTION NO. 6:21-cv-01163

VERSUS                              JUDGE SUMMERHAYS

AT&T CORPORATION, ET AL.            MAGISTRATE JUDGE HANNA

## JURISDICTIONAL RULING

Defendant MasTec Network Solutions, LLC[1] removed the captioned lawsuit

to this forum, alleging that the court has subject-matter jurisdiction under 28 U.S.C.

§ 1332 because the parties are diverse in citizenship and the amount in controversy

exceeds $75,000.  This Court reviewed the pleadings, found that the amount-in-

controversy requirement was satisfied,[2] but could not determine whether the parties

were diverse in citizenship.[3]  This Court ordered MasTec to file a brief addressing

the parties' citizenship and afforded the other parties an opportunity to respond.[4]

---

[1]     Erroneously referred to in the plaintiff's original petition as MasTek Company (Rec. Doc. 1-1 at 8) and incorrectly referred to in the plaintiff's first supplemental and amending petition as Mastec Wireless Services, LLC (Rec. Doc. 1-1 at 172).

[2]     Zurich American Insurance Company of Illinois alleged in its petition for intervention that it paid over $260,000 in indemnity and medical benefits to or on behalf of Mr. Wehmeyer because of the injuries he sustained in the incident underlying this lawsuit.  (Rec. Doc. 1-1 at 42).

[3]     Rec. Doc. 18 at 1.

[4]     Rec. Doc. 18 at 5-6.

MasTec filed two briefs in support of federal court jurisdiction,[5] and the plaintiff responded.[6]  Defendants AT&T Corporation, Verizon Wireless Services, LLC, and Standard Wireless Group, LLC did not file briefs.

Based on the information set forth in the parties' briefing, this Court now finds that the parties are diverse in citizenship.  The plaintiff is a Washington citizen; AT&T Corporation is a citizen of New York and Texas; Verizon Wireless Services, LLC is a citizen of Delaware and New York; MasTec is a Florida citizen; the intervenor, Zurich American Insurance Company of Illinois is a citizen of New York and Illinois; and Standard Wireless Group, LLC is a Louisiana citizen.

MasTec argued that even though Standard Wireless is a Louisiana citizen, its presence in the suit does not preclude removal.  The forum-defendant rule is codified at 28 U.S.C. § 1441(b)(2) and reads as follows:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This statute specifies that an action otherwise removable solely on the basis of diversity jurisdiction – such as this one – may not be removed if any "properly joined" defendant is a citizen of the state in which the action was brought.  "Thus, a

---

[5]      Rec. Docs. 23 and 28.

[6]      Rec. Doc. 29.

2

properly joined in-state defendant will prevent removal, but an improperly joined in-state defendant will not."[7]  Therefore, at first blush, it would seem that the inclusion of Standard Wireless as a defendant in this suit would preclude removal.  But MasTec argued that Standard Wireless was the plaintiff's employer, was immune from suit, and therefore was improperly joined.  In this case, however, it is not necessary to find that Standard Wireless was improperly joined in order to conclude that this case can remain in federal court.

The forum-defendant rule is procedural in nature and is not a jurisdictional rule.[8]  A court cannot *sua sponte* remand a case because of a procedural defect; instead, a procedural defect must be raised in a motion to remand filed by a party to the lawsuit within thirty days after the filing of the notice of removal.[9]  If no motion to remand is timely filed, the procedural defect is waived.  More specifically, the forum-defendant rule is waived if no objection to removal is asserted in a timely-filed remand motion.[10]  In this case, no party filed a motion to remand this action

---

[7]      *Barbara West v. Home Depot U.S.A., Inc. and Eric Hall*, No. 21-1403, 2021 WL 4622213, at *2 (E.D. La. Oct 7, 2021) (citing *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573 (5th Cir. 2004)).

[8]      *Texas Brine Company, L.L.C. v. American Arbitration Association, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392-93 (5th Cir. 2009); *In re Shell Oil Co*., 932 F.2d 1518, 1523 (5th Cir. 1991).

[9]      28 U.S.C. § 1447(c); *Schexnayder v. Entergy Louisiana, Inc*., 394 F.3d 280, 284 (5th Cir. 2004); *In re Shell Oil Co*., 932 F.2d at 1523.

[10]     *In re Shell Oil Co*., 932 F.2d at 1523; *H & H Terminals, LC v. R. Ramos Family Trust, LLP*, 634 F.Supp.2d 770, 773 (W.D. Tex. 2009) ("[T]he forum defendant rule can be waived if a

after MasTec filed the notice of removal.  Therefore, any objection that a party might have to the removal of this case because one of the defendants is a Louisiana citizen was waived, and this Court cannot assert that objection on its own.  In other words, MasTec's "violation of the forum-defendant rule does not provide a basis for the District Court to remand *sua sponte*."[11]  Therefore, regardless of whether Standard Wireless was improperly joined, the court has subject-matter jurisdiction over this action because the amount in controversy exceeds $75,00 and the parties are diverse in citizenship.

In its briefing, MasTec additionally argued that the plaintiff has no cause of action in tort against Standard Wireless because Standard Wireless was the plaintiff's employer at the time of the accident and further argued that the plaintiff's exclusive remedy against Standard Wireless is found in Louisiana's workers' compensation laws.[12]  MasTec implicitly acknowledged that an employee can sue his employer for intentional torts but argued that the plaintiff's intentional acts allegations against Standard Wireless are "conclusory" and "insufficient to state a

---

party does not object to removal within the requisite thirty (30) days."); *Wells Fargo Bank National Association v. Gomez*, No. 3:15-CV-0184-N-BF, 2015 WL 12763516, at *1 n. 2 (N.D. Tex. Jan. 22, 2015), report and recommendation adopted, 2015 WL 12763517 (N.D. Tex. Apr. 27, 2015).

[11]     *Wells Fargo Bank National Association v. Gomez*, No. 3:15-CV-0184-N-BF, 2015 WL 12763516, at *1 n. 2.  See, also, *In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993).

[12]     Rec. Doc. 1 at 5-6.

4

plausible claim" against Standard Wireless.[13]   MasTec argued that the plaintiff's claims against Standard Wireless should, for that reason, be dismissed.

But MasTec failed to prove that Standard Wireless was the plaintiff's employer.  MasTec submitted the affidavit of Arnie Pearce, Standard Wireless's sole member, who stated that the plaintiff was Standard Wireless's employee on the date of the accident.[14]   But the plaintiff submitted countervailing evidence.  In his affidavit, the plaintiff stated that he was self-employed at the time of the accident, never applied for a job with Standard Wireless, and was never paid by Standard Wireless.[15]   Thus, a factual dispute exists concerning whether the plaintiff was employed by Standard Wireless when the accident occurred.  This Court cannot resolve that dispute at this time.

The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[16] Because MasTec did not prove that Standard Wireless was the plaintiff's employer,

---

[13]     Rec. Doc. 23 at 2.

[14]     Rec. Doc. 23-1 at 1.

[15]     Rec. Doc. 29-1 at 1.

[16]     *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573 (5th Cir. 2004).

MasTec did not establish that Standard Wireless was improperly joined.  But, in this case, that does not matter because no party filed a motion to remand and the parties are diverse in citizenship.  The court has subject-matter jurisdiction over this action, and whether the plaintiff has a valid claim against Standard Wireless must be decided later in this litigation.

Signed at Lafayette, Louisiana, this 14th day of October 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE